CHARLES PRICE V. STATE

No. 28,644. January 23, 1957.
Appellant' Motion for Rehearing Overruled
(Without Written Opinion) March 6, 1957.

*Davis R. White,* Uvalde, for appellant.

*Earle Caddel,* County Attorney, Uvalde, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury, appellant was convicted for the violation of Art. 1493, Vernon's Ann. P.C., of the offense of offering for sale feeding stuff without having affixed thereto the tax tag as required by Art. 1492, Vernon's Ann. P.C., and his punishment assessed at a fine of $25.

Appellant first insists that the information is duplicitous and that the court erred in overruling his motion to quash the same for the reason that it charged in the same count separate and distinct offenses under Articles 1489 and 1492, Vernon's Ann. P.C.

The information does not sufficiently allege a failure to comply with Art. 1489, supra, and the allegation in this regard may be rejected as surplusage, and the information, for this reason, is not duplicitous. Branch's Ann. P.C., 1st Ed., Sec. 506, P. 259; and Odle v. State, 139 Texas Cr. Rep. 288, 139 S.W. 2d 595.

The evidence is undisputed that the appellant was manager of a business in the city of Uvalde known as H. Ray Wholesale and in such capacity was engaged in selling feedstuff for livestock.

The state's witness Albert Davenport, part owner and manager of a business known as Texas Farm Store in the city of Uvalde, testified that, on February 10, 1956, he purchased, from H. Ray Wholesale, fifty 100-pound sacks of ground oats; that he ordered the ground oats from the appellant as agent of H. Ray Wholesale; and that, when he received the bags of ground oats, there were no tags of any kind or description affixed thereto.

The state's testimony further shows that some of the bags of ground oats were observed by Inspector R. G. King of the Feed Control Service of Texas Agricultural Experiment Station, at the Texas Farm Store on March 8, 1956, and, at such time and place, there were no tags attached to said bags as required by Articles 1489 and 1492, supra.

As a witness in his own behalf, appellant admitted that he was manager of H. Ray Wholesale, and that, from time to time,

he had sold ground oats and other livestock feedstuff to the Texas Farm Store, but testified that the particular ground oats involved were some that Texas Farm Store had stored at H. Ray Wholesale and had not been sold to Texas Farm Store, but merely re-delivered upon Davenport's order.

We find the evidence sufficient to support the trial court's judgment.

Appellant insists that the court erred in admitting the evidence showing the sale of ground oats, over his objection that the information contained no allegation that a specific sale was made, and did not state the name of the purchaser or allege that the name of such purchaser was unknown.

In support of his contention, appellant relies upon that portion of Art. 406, Vernon's Ann. C.C.P., which provides that to charge an unlawful sale in an indictment it is necessary to name the purchaser.

We do not construe this statute as applicable to the case at bar. Appellant was not charged with the sale of ground oats but only with unlawfully offering and exposing the same for sale. Evidence that appellant sold ground oats constituted proof that he offered the same for sale, and was admissible for such purpose.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.